{¶ 30} The trial court in this matter has imposed what is called an "add-on" to the defendant's maximum sentence due to his status as a "repeat violent offender." The majority suggests this can be accomplished by simply adding the years onto a statutory maximum sentence without making any findings whatsoever. Such a proposition is clearly a tortured reading of both the United States Constitution and the case law interpreting Ohio's sentencing statutes.
 {¶ 31} As stated by the Supreme Court of Ohio:
 {¶ 32} "The major-drug-offender penalty that is referred to in R.C.2925.03(C)(4)(g) is found in R.C. 2929.14(D)(3) and contains two parts. Subsection (a) states that if the offender violates R.C. 2925.03 and is classified as a major drug offender, `the court shall impose * * * a ten-year prison term' that may not be reduced by a judicial release. The second part, R.C. 2929.14(D)(3)(b), provides, The court imposing a prison term on an offender under division (D)(3)(a) of this section may impose an additional prison term of one, two, three, four, five, six, seven, eight, nine, or ten years' under certain conditions. In State v.Foster,[1] we held that R.C. 2929.14(D)(3)(b) is unconstitutional under Apprendi v. New Jersey[2] and Blakely v. Washington,[3]
because it required judicial factfinding before an additional ten years of prison could be imposed.[4] We severed R.C. 2929.14(D)(3)(b) toremedy the constitutional violation.[5] As the statute now stands, amajor drug offender still faces the *Page 10 mandatory maximum ten-year sentence that the judge must impose and maynot reduce. Only the add-on that had required judicial fact-finding hasbeen severed[6] "[7]
 {¶ 33} The majority refers to the above language from State v.Chandler as "dicta." I disagree. Moreover, while the State v.Chandler decision concerned the addon for major drug offenders contained in former R.C. 2929.14(D)(3)(b) and the instant matter concerns the add-on for repeat violent offenders contained in former R.C.2929.14(d)(2)(b), these former statutory subsections are nearly identical. Thus, the Supreme Court of Ohio's analysis in State v.Chandler applies to the case sub judice.
 {¶ 34} The "add-on" provisions for repeat violent offenders are only found in former R.C. 2929.14(D)(2)(b). In State v. Foster, the Supreme Court of Ohio specifically severed R.C. 2929.14(D)(2)(b).[8] The Supreme Court of Ohio did not state that it was only severing portions of R.C. 2929.14(D)(2)(b), rather it held that "[w]e also excise R.C.2929.14(D)(2)(b) and (D)(3)(b), which require findings for repeat violent drug offenders and major drug offenders."[9]
 {¶ 35} The law is clear. After the State v. Foster decision, R.C.2929.14(D)(2)(b) no longer exists. Trial courts are not permitted to "add on" to maximum sentences by making judicial findings. Such a practice clearly emaciates the term "maximum" and inherently adds to the confusion currently surrounding sentencing in Ohio.
[1] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
[2] Apprendi v. New Jersey (2000), 530 U.S. 466.
[3] Blakely v. Washington (2004), 542 U.S. 296.
[4] State v. Foster, at paragraph five of the syllabus.
[5] Id. at paragraph six of the syllabus.
[6] Id.
[7] (Emphasis added.) State v. Chandler, 109 Ohio St.3d 223,2006-Ohio-2285, at ¶ 17.
[8] State v. Foster, at paragraph six of the syllabus and ¶ 97.
[9] Id. at ¶ 97. *Page 1